[Cite as *State v. Kirschenmann*, 2015-Ohio-3544.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2014-P-0031, and 2014-P-0032** |
| CURTIS A. KIRSCHENMANN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case Nos. 2012 CR 0050 and 2012 CR 0085.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Thomas Kinsey McInturf,* Williams, Welser, Kratcoski & Can, L.L.C., 11 South River Street, Suite A, Kent, OH 44240 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Curtis A. Kirschenmann, appeals from the March 31, 2014 judgment of the Portage County Court of Common Pleas, denying his pro se motion to withdraw his guilty plea and for post-conviction relief without a hearing. For the reasons that follow, we affirm.

{¶2} This matter involves a guilty plea which stemmed from two trial court Case Nos., 2012 CR 0050 and 2012 CR 0085.

{¶3} In Case No. 2012 CR 0050, the Portage County Grand Jury returned a 14-count indictment against appellant on January 27, 2012: three counts of receiving stolen property, felonies of the fifth degree, in violation of R.C. 2913.51; and 11 counts of forgery, felonies of the fifth degree, in violation of R.C. 2913.31.

{¶4} In Case No. 2012 CR 0085, the Portage County Grand Jury returned a five-count indictment against appellant and two other individuals on February 15, 2012: one count of illegal manufacture of drugs, a felony of the first degree, in violation of R.C. 2925.04; one count of assembly or possession of chemicals to manufacture a controlled substance, a felony of the second degree, in violation of R.C. 2925.041(A) and (C); one count of aggravated trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03(A)(2) and (C)(1)(b); aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a); and one count of possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24(A) and (C).

{¶5} The cases proceeded together. A plea hearing was held on May 17, 2012. Appellant entered an oral and written guilty plea to three counts of receiving stolen property, felonies of the fifth degree, and five counts of forgery, felonies of the fifth degree (Case No. 2012 CR 0050). Appellant also entered an oral and written guilty plea to one count of illegal manufacture of drugs, a felony of the second degree (Case No. 2012 CR 0085). The trial court accepted appellant's guilty pleas and entered a nolle prosequi to the remaining counts.

{¶6} On June 21, 2012, appellant was sentenced to five years in prison for the felony two offense and one year for each felony five offense, to run concurrent to one another and concurrent to the five year term. Appellant was ordered to pay restitution

2

and fines.  The court notified him regarding post-release control.  Appellant did not file a direct appeal from his sentence.

{¶7}   Instead, almost two years later, appellant filed a pro se motion to withdraw his guilty plea and for post-conviction relief on March 27, 2014.  On March 31, 2014, the trial court denied appellant's pro se motion without a hearing.  Appellant appealed that judgment, was appointed counsel, and asserts the following three assignments of error:[1]

{¶8}   "[1.] The trial court erred when it denied defendant's motion to withdraw a guilty plea without a hearing.

{¶9}   "[2.] The trial court erred when it denied defendant's motion for post-conviction relief without a hearing.

{¶10}   "[3.] The trial court erred when it failed to file a findings of fact and conclusions of law when it denied appellant's motion for post-conviction relief."

{¶11}   In his first assignment of error, appellant argues the trial court erred in denying his pro se motion to withdraw his guilty plea without a hearing.  Appellant asserts his trial counsel was ineffective and should have filed a motion to suppress evidence derived from a search of his home.  In his appellate brief, appellant states that "the search may have been lawful" but indicates that he should have had an opportunity to be heard.

{¶12}   "Crim.R. 32.1 states: '(a) motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the

_____

1. Appellant filed two appeals: Case No. 2014-P-0031 (regarding trial court Case No. 2012 CR 0050) and Case No. 2014-P-0032 (regarding trial court Case No. 2012 CR 0085).  This court later consolidated appellant's two appeals for all purposes.

3

court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.'

{¶13} "'An appellate court will review the trial court's determination of the Crim.R. 32.1 motion for an abuse of discretion.' *State v. Desellems* (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458, at 8, citing *State v. Blatnik* (1984), 17 Ohio App.3d 201, 202, * * *. 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' *Desellems*, supra, at 8, citing *State v. Montgomery* (1991), 61 Ohio St.3d 410, 413, * * *. Regarding this standard, we recall the term 'abuse of discretion' is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto* (1925), 112 Ohio St. 667, 676-678, * * *.

{¶14} "'Pursuant to Crim.R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice.' *State v. Taylor*, 11th Dist. No. 2002-L-005, 2003 Ohio 6670, at ¶8, citing *State v. Smith* (1977), 49 Ohio St.2d 261, * * *, at paragraph one of the syllabus. 'A manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea.' *Taylor* at ¶8, citing *State v. Talanca* (Dec. 23, 1999), 11th Dist. No. 98-T-0158, 1999 Ohio App. LEXIS 6257, * * * at 2-3.

{¶15} "'While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant. *State v. Xie* (1992), 62 Ohio St.3d 521, * * * (* * *), paragraph one of the syllabus. In those situations where the trial court must consider

4

a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id.' *State v. Wilkey*, 5th Dist. No. CT2005-0050, 2006-Ohio-3276, at ¶25. (Parallel citation omitted.) 'Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice.' Id. at ¶26, citing *State v. Patterson*, 5th Dist. No. 2003CA00135, 2004-Ohio-1569, citing *State v. Laster*, 2d Dist. No. 19387, 2003-Ohio-1564.

{¶16} "'Ineffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea.' *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, at ¶27, * * *, citing *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, * * *; *State v. Hamed* (1989), 63 Ohio App.3d 5, * * *. In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, * * *. *State v. Ziefle*, 11th Dist. No. 2007-A-0019, 2007-Ohio-5621, at ¶20. Thus, appellant must show that counsel's performance was deficient and 'must also show prejudice resulting from the deficient performance.' *State v. Jackson*, 11th Dist. No. 2002-A-0027, 2004-Ohio-2442, at ¶9." (Parallel citations omitted.) *State v. Balch*, 11th Dist. Portage No. 2008-P-0014, 2008-Ohio-6780, ¶14-18.

{¶17} "'Failure to file a suppression motion does not constitute per se ineffective assistance of counsel.'" *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "'When claiming ineffective assistance due to failure to file or pursue a motion to suppress, an appellant must point to evidence in the record showing there was a reasonable probability the result of [the

5

proceeding] would have differed if the motion had been filed or pursued.'" *State v. Weimer*, 11th Dist. Lake No. 2013-L-008, 2013-Ohio-5651, ¶38, quoting *State v. Walker*, 11th Dist. Lake No. 2009-L-155, 2010-Ohio-4695, ¶15.

{¶18} In this case, appellant has failed to establish any prejudice as a result of his counsel's representation. Appellant has not presented any evidence to show his plea was not knowingly, intelligently, and voluntarily entered as a result of the lack of a motion to suppress. Appellant indicated he had several discussions with his counsel and that his counsel informed him that the arrest and search were legal and that the indictment presented probable cause. Drugs and drug paraphernalia were discovered by police in plain view in the residence.

{¶19} Upon review, we determine that the failure to file a motion to suppress in this case does not amount to ineffective assistance of counsel. We further determine that appellant's guilty plea was knowingly, intelligently, and voluntarily made and that the trial court properly denied his pro se motion to withdraw his plea without a hearing.

{¶20} At the May 17, 2012 plea hearing, the following exchange took place between the trial court judge and appellant:

{¶21} "THE COURT: Okay. Mr. Kirschenmann, I'm going to ask you some questions, you need to answer yes or no out loud; do you understand?

{¶22} "DEFENDANT: Yes.

{¶23} "THE COURT: Sir, have you been informed by your Attorney and do you understand the nature of the charges to which you are pleading, which in Case Number 12 CR 85, illegal manufacturing of drugs, methamphetamine, a felony of the second degree, which may bring with it up to eight years imprisoned, mandatory minimum

6

prison term, a six-month to five-year license suspension and a $7,500.00 fine up to a $15,000.00 fine; and in Case Number 12 CR 50, counts one, eight and twelve, all receiving stolen property, felonies of the fifth degree; and count two, five, seven, eleven and fourteen, forgeries, felonies of the fifth degree, each of those bringing with them up to one year imprisoned and a $2,500.00 fine and court costs.

**{¶24}** "DEFENDANT: Yes.

**{¶25}** "* * *

**{¶26}** "THE COURT: Again, sir, since I've already gone over the penalties for these charges, do you understand that if I impose a prison term, which I'm going to be asked to do, that will be a term certain?

**{¶27}** "DEFENDANT: Yes.

**{¶28}** "THE COURT: Do you understand that if you are imprisoned, after release, you will be subject to Post Release Control pursuant to Ohio Revised Code 2967.28?

**{¶29}** "DEFENDANT: Yes.

**{¶30}** "THE COURT: On Case Number 12 CR 85, Post Release Control period will be a mandatory three years and your penalty could be, if you were sentenced, would be four years on Case Number 12 CR 85, with a recommended sentence it will be two and a half years; do you understand that?

**{¶31}** "DEFENDANT: Yes.

**{¶32}** "THE COURT: And, sir, do you understand at some point, you may be placed on Community Control Sanctions and you will have conditions to follow.

7

{¶33} "If you violate those conditions you could be given a longer period, greater restrictions or a prison term of eight years on Case Number 12 CR 85 as a sanction, and twelve months on each of the felonies in Case Number 12 CR 50 as sanctions; do you understand that?

{¶34} "DEFENDANT: Yes.

{¶35} "THE COURT: Sir, do you understand the effect of your guilty plea and its consequences?

{¶36} "DEFENDANT: Yes.

{¶37} "THE COURT: Do you accept those consequences?

{¶38} "DEFENDANT: Yes.

{¶39} "THE COURT: Do you understand upon accepting your guilty plea, the Court may immediately proceed with sentencing?

{¶40} "DEFENDANT: Yes.

{¶41} "THE COURT: Sir, do you understand you have a right to a trial in this matter; either to the Court or to a Jury?

{¶42} "DEFENDANT: Yes.

{¶43} "THE COURT: Are you waiving that right today, sir?

{¶44} "DEFENDANT: Yes.

{¶45} "THE COURT: Sir, did you sign these two waivers of right to Jury Trial?

{¶46} "DEFENDANT: Yes.

{¶47} "THE COURT: Did you do so voluntarily?

{¶48} "DEFENDANT: Yes.

**{¶49}** "THE COURT: Sir, do you understand you have the right to confront and cross-examine witnesses against you?

**{¶50}** "DEFENDANT: Yes.

**{¶51}** "THE COURT: Are you waiving that right?

**{¶52}** "DEFENDANT: Yes.

**{¶53}** "THE COURT: Sir, do you understand you have the right to subpoena witnesses to come in and testify on your behalf?

**{¶54}** "DEFENDANT: Yes.

**{¶55}** "THE COURT: Are you waiving that right?

**{¶56}** "DEFENDANT: Yes.

**{¶57}** "THE COURT: Sir, do you understand it is the obligation of the Prosecutor's office to prove your (sic) guilty beyond a reasonable doubt?

**{¶58}** "DEFENDANT: Yes.

**{¶59}** "THE COURT: Are you waiving that right?

**{¶60}** "DEFENDANT: Yes.

**{¶61}** "THE COURT: Sir, do you understand you're not required to testify against yourself?

**{¶62}** "DEFENDANT: Yes.

**{¶63}** "THE COURT: Are you waiving that right?

**{¶64}** "DEFENDANT: Yes.

**{¶65}** "THE COURT: Sir, do you understand by entering a guilty plea, you waive your right to appeal any issue that may have been brought up at trial?

**{¶66}** "DEFENDANT: Yes.

**{¶67}** "THE COURT: And you are waiving that right, sir?

**{¶68}** "DEFENDANT: Yes.

**{¶69}** "THE COURT: Sir, have you been promised, coerced, threatened in any way into entering a plea?

**{¶70}** "DEFENDANT: No.

**{¶71}** "THE COURT: Are you doing this of your own free will?

**{¶72}** "DEFENDANT: Yes.

**{¶73}** "THE COURT: Sir, you signed a written plea of guilty, waiver of rights document, is that your signature?

**{¶74}** "DEFENDANT: Yes.

**{¶75}** "THE COURT: Did you sign these documents voluntarily?

**{¶76}** "DEFENDANT: Yes.

**{¶77}** "THE COURT: Did you review this document thoroughly with your Attorney?

**{¶78}** "DEFENDANT: Yes.

**{¶79}** "THE COURT: Do you have any questions at all regarding anything contained within this document?

**{¶80}** "DEFENDANT: No.

**{¶81}** "THE COURT: Sir, you are a U.S. citizen; is that correct?

**{¶82}** "DEFENDANT: Yes.

**{¶83}** "THE COURT: Sir, I've briefly gone over your rights with you, I know your Attorney's gone over your rights with you, you've gone over them, do you have any questions regarding your Constitutional Rights?

{¶84} "DEFENDANT: No.

{¶85} "THE COURT: Do you waive those rights at this time?

{¶86} "DEFENDANT: Yes.

{¶87} "THE COURT: And, sir, in Case Number 12 CR 85, the charge of illegal manufacturing of drugs, a felony of the second degree, how do you plea?

{¶88} "DEFENDANT: Guilty.

{¶89} "THE COURT: Sir, in Case Number 12 CR 50, the charge of receiving stolen property, a felony of the fifth degree, counts one, eight and twelve, how do you plea?

{¶90} "DEFENDANT: Guilty.

{¶91} "THE COURT: And, sir, in counts two, five, seven, eleven and fourteen, all forgeries, felony of the fifth degree, how do you plea?

{¶92} "DEFENDANT: Guilty.

{¶93} "THE COURT: Again, on all of those counts, sir?

{¶94} "DEFENDANT: Yes.

{¶95} "THE COURT: Thank you, sir."

{¶96} Thereafter, the court accepted appellant's guilty plea.

{¶97} The foregoing colloquy reveals that appellant was informed by the trial court of the sentence he faced as well as his constitutional rights before he entered his guilty plea. The record establishes from the plea hearing and the written plea of guilty that appellant's plea was knowing, intelligent, and voluntary. Appellant provided no indication that he was dissatisfied with the representation of his counsel. The record

further establishes that the trial court complied with the Crim.R. 11(C) requirements in their entirety.

{¶98} Appellant has failed to demonstrate that a withdrawal of his guilty plea was necessary to correct a manifest injustice. Upon review, the trial court did not abuse its discretion in denying appellant's post-sentence motion to withdraw his guilty plea. In addition, appellant has failed to demonstrate that his counsel's performance was deficient or that the alleged deficiency resulted in prejudice.

{¶99} Appellant's first assignment of error is without merit.

{¶100} In his second assignment of error, appellant contends the trial court erred in denying his pro se motion for post-conviction relief without a hearing.

{¶101} In his third assignment of error, appellant alleges the trial court erred because it failed to file findings of fact and conclusions of law when it denied his motion for post-conviction relief.

{¶102} Because appellant's second and third assignments of error both concern his request for post-conviction relief and are thus interrelated, we will address them together.

{¶103} R.C. 2953.21(A)(2) states in part:

{¶104} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the

petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶105} Pursuant to R.C. 2953.21, "a trial court is statutorily mandated to compose and issue findings of fact and conclusions of law on each claim stated in a postconviction petition." *State v. Osco*, 11th Dist. Portage No. 2014-P-0010, 2015-Ohio-45, ¶14. "However, this duty does not apply if the petition is subject to dismissal on the basis that it was untimely filed." *Id.*, citing *State ex rel. James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, ¶5.

{¶106} In the case at bar, as stated, appellant was sentenced on June 21, 2012 for both trial court Case Nos. 2012 CR 0050 and 2012 CR 0085. Appellant had 30 days to file a direct appeal, i.e., until July 21, 2012. However, appellant never filed a direct appeal. Instead, appellant waited and filed a pro se petition for post-conviction relief. Pursuant to R.C. 2953.21(A)(2), appellant was required to file his petition for post-conviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal." However, appellant failed to comply with the statute because he did not file his petition for post-conviction relief until March 27, 2014, well outside of the mandated time frame. Thus, appellant's petition for post-conviction relief was clearly untimely.

{¶107} R.C. 2953.23 sets forth exceptions to the 180-day requirement under R.C. 2953.21. "R.C. 2953.23(A)(1) describes the two-part test most petitioners must meet before this time limit is waived * * *.[2] First, the petitioner must show either: (1) that he was unavoidably prevented from timely discovering the facts on which the petition is based; or (2) that the United States Supreme Court has recognized a new, retroactive

---

2. R.C. 2953.23(A)(2) concerns cases dependent on DNA evidence, and is irrelevant to this appeal.

13

federal or state right that applies to the petitioner's case. R.C. 2953.23(A)(1)(a). If –

and only if – the petitioner can leap this first hurdle, does the second arise: i.e., the

petitioner must show, by clear and convincing evidence, that, '(* * *) but for

constitutional error at trial, no reasonable factfinder would have found the petitioner

guilty of the offense of which the petitioner was convicted (* * *) (.)' R.C.

2953.23(A)(1)(b)." *State v. Jordan*, 11th Dist. Trumbull No. 2006-T-0087, 2007-Ohio-

1067, ¶7.

{¶108} Upon review, appellant failed to assert any of the permissible reasons for

an exception to the 180-day requirement. Appellant has not shown he was

"unavoidably presented from discovery" of any of the facts he alleged in his petition

claiming ineffective assistance of counsel. R.C. 2953.23(A)(1)(a). Thus, appellant fails

to meet the first prong of the R.C. 2953.23(A)(1)(a) test for untimely petitions. In any

event, we note that appellant also has not presented clear and convincing evidence that

his guilty plea was not knowing, intelligent, and voluntary, thereby failing to meet the

second prong as well. R.C. 2953.23(A)(1)(b).

{¶109} Based on the facts and evidence presented, the trial court was not

required to grant a hearing or issue findings of fact and conclusions of law.

Furthermore, since this was a matter which appellant could have raised on direct

appeal, it is res judicata, and barred from consideration by way of a petition for post-

conviction relief. *Jordan, supra,* at ¶10, citing *State v. Perry*, 10 Ohio St.2d 175,

paragraphs eight and nine of the syllabus (1967).

{¶110} Appellant's second and third assignments of error are without merit.

14

{¶111} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.