[Cite as *State v. Cobbledick*, 2020-Ohio-4744.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                             No. 108959

v.                                      :

BRUCE COBBLEDICK,                       :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 1, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-633929-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Jeffrey Schnatter and Christine Vacha, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1}   Bruce Cobbledick appeals his convictions that were in part based on a jury verdict and in part based on his pleading guilty to counts upon which the jury was unable to reach a verdict.  The convictions are based on Cobbledick's conduct in sexually abusing two children between 2002 and 2006.[1]  We affirm.

{¶ 2}   After a jury found Cobbledick guilty of dissemination of matter harmful to juveniles, gross sexual imposition, and endangering children, with a mistrial being declared on several other counts, Cobbledick pleaded guilty to three additional counts each of gross sexual imposition against multiple victims or based on separate conduct.  The guilty plea was entered in exchange for dismissal of several other counts for which retrial was necessary.  The trial court imposed a 17-year aggregate term of imprisonment through consecutive service of the individual, four-year terms imposed on the four gross-sexual-imposition counts and the one-year term imposed upon the disseminating matter harmful to juveniles count.  The prison sentences imposed upon the misdemeanor, endangering children counts were imposed to be served concurrently.

{¶ 3}   In this appeal, Cobbledick claims that the trial court failed to substantially comply with Crim.R. 11 by not obtaining a guilty plea as to one of the gross-sexual-imposition counts (Count 2), by not informing Cobbledick that the

---

[1] In light of the limited arguments advanced by Cobbledick, which are primarily focused on legal issues or his criminal history, and the sensitive nature of the crimes involved, we are not providing a recitation of the underlying facts in this published opinion.  Those facts are irrelevant to the resolution of the arguments advanced.

maximum sentences that were disclosed during the colloquy could be imposed consecutively, and by not specifically defining compulsory process beyond the advisement that he had the right to subpoena witnesses for trial.

{¶ 4} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 is substantial compliance for nonconstitutional issues and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977).

{¶ 5} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*. When challenging a guilty plea based on the trial court's lack of substantial compliance, a defendant must also show a prejudicial effect — that the plea would not have been otherwise entered but for the error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero* at 108. When consecutive sentences are mandatory, as opposed to discretionary, the trial court must advise the defendant of that mandatory sentence in order to achieve substantial compliance with Crim.R. 11(C)(2). *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph one of the syllabus; *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 17; *State v. Norman*, 8th

Dist. Cuyahoga No. 91302, 2009-Ohio-4044, ¶ 7; *State v. Millhoan*, 6th Dist. Lucas Nos. L-10-1328 and L-10-1329, 2011-Ohio-4741, ¶ 35.

{¶ 6} In this case, the trial court had discretion to impose the sentences to be consecutively served. Consecutive service of the individual sentences was not mandated by law, and accordingly, there is no requirement to advise a defendant of the possibility of consecutive service. It has long been held that the "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus; *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus ("A sentence is the sanction or combination of sanctions imposed for each separate, individual offense."). Crim.R. 11(C)(2)(a) refers to the "maximum penalty" involved with the guilty plea, which has long been understood as a reference to a single penalty for each individual offense. *Id.* Although in practice, notifying the defendant of the possibility of aggregating the individual sentences would be the ideal approach, we are beholden to apply *Johnson* and *Saxon* as written. Under Ohio law, there is no requirement for the trial court to advise of the possibility that each individual sentence may be imposed consecutively, such that a plea can be considered as involuntary in the absence of such an advisement.

{¶ 7} Furthermore, Cobbledick has not demonstrated, let alone argued, that he was prejudiced by the trial court's allegedly incomplete advisement

concerning the maximum penalty. His entire argument is based on the trial court's failure to fully advise him of the aggregate maximum sentencing potential. Because the defendant must show the prejudicial effect of the lack of substantial compliance in a case involving discretionary consecutive sentences, even if we presumed solely for the sake of discussion a lack of compliance existed in this case, we must still affirm based entirely on the failure to demonstrate prejudice. *State v. Dangler*, Slip Opinion No. 2020-Ohio-2765, ¶ 23.

{¶ 8} With respect to the strict compliance standard, Crim.R. 11(C)(2)(c) requires that the defendant be advised of the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. Those advisements need not be recited verbatim. "[A] trial court strictly complies with Crim.R. 11(C)(2)(c) when it orally advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule." *State v. Miller*, Slip Opinion No. 2020-Ohio-1420, ¶ 22.

{¶ 9} Cobbledick complains that the trial court's advisement that "no one could force you to testify against yourself" fails to satisfy the strict compliance requirement because the trial court failed to mention that the state cannot comment on a defendant's silence. The distinction Cobbledick is attempting to draw with respect to the compulsory process argument is one without a difference, and more

importantly, he has not cited any case in support of the proposition that a trial court must advise a defendant that the state cannot comment on a decision to not testify to satisfy Crim.R. 11.  App.R. 16(A)(7).  Cobbledick's silence is for good reason.  Strict compliance with Crim.R. 11(C)(2)(c) does not require the trial court, as part of the privilege against self-incrimination advisement, to further explain that no one can comment on a defendant's failure to testify.  *State v. McElroy,* 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 27; *State v. Caudell*, 11th Dist. Ashtabula No. 2019-A-0062, 2020-Ohio-1557, ¶ 38.

{¶ 10}  In addition, it is conceded that the trial court advised Cobbledick of his right to summon witnesses by means of a subpoena for the purpose of explaining his right to compulsory process.  Instead, Cobbledick claims that the advisement was deficient because "compulsory process does not merely constitute a subpoena or summons to testify — it also encompasses a trial court's power to physically compel the presence of an individual who does not wish to testify."  In other words, according to Cobbledick, the trial court failed to expressly define the term "subpoena" while explaining the defendant's right to compulsory process.

{¶ 11}  The trial court orally advised Cobbledick in a reasonably intelligent manner of his right to compel a witness to testify, and Cobbledick expressly acknowledged that he understood the right as explained.  This satisfied Crim.R. 11 concerns.  There is no requirement that the trial court advise a defendant of every possible permutation of a constitutional right or to define every term used in the

advisement, especially if the defendant expressly indicates his understanding of the advisement. *Miller* at ¶ 22; *McElroy* at ¶ 28.

{¶ 12} And finally with respect to the first assignment of error, Cobbledick argues that his plea to one of the gross-sexual-imposition counts (Count 2) was not valid because the trial court did not expressly ask him "how he pleads" at the conclusion of the colloquy. There is no merit to the final aspect of the first assigned error. Individual statements within a plea colloquy, or the lack thereof, are not considered in a vacuum.

{¶ 13} The appellate inquiry is focused on the totality of the circumstances, in other words whether the offender's guilty plea "was made knowingly, intelligently, and voluntarily." *Engle*, 74 Ohio St.3d at 527, 1996-Ohio-179, 660 N.E.2d 450. During the change-of-plea colloquy, the trial court asked the defendant if anything had been promised for Cobbledick's agreeing to plead guilty to the counts at issue, which expressly included Count 2, as referenced throughout the hearing. Further, Cobbledick expressly acknowledged that his guilty plea would result in adding three felony convictions (including Count 2) to the two that were based on the jury verdict. In referencing the maximum penalty for each count to which a guilty plea was anticipated, the trial court stated that "Counts 2, 7, and 12 are all charged the same thing, they're all felonies of the 3rd Degree punishable by one, two, three, four, or five 5 years in prison and a possible $10,000 fine." Following that exchange, Cobbledick expressly stated his understanding that he would be sentenced on three third-degree felony offenses (Counts 2, 7, and 12 as discussed throughout the

colloquy) and the third- and fourth-degree felony offenses from the jury trial. When the trial court asked if Cobbledick pleaded guilty or not guilty to Count 2, the following dialogue ensued:

THE DEFENDANT: If that's one of the four that's agreed, then yes, that's correct, sir, yes.

THE COURT: That was one of the four that was agreed, correct?

[ASSISTANT PROSECUTING ATTORNEY]: Correct.

THE DEFENDANT: Yes.

In short, nothing in the record demonstrates anything other than Cobbledick's intention to plead guilty to Count 2. Again, although an ideal colloquy would have had the defendant expressly "plead guilty" to the offense, we cannot conclude that reversible error occurred based on the record presented.

{¶ 14} The totality of the colloquy demonstrates that Cobbledick understood and intended to plead guilty to several counts including Count 2, despite the fact he did not expressly state that he "pleaded guilty" to Count 2 following the conclusion of the advisements. *See, e.g.*, *State v. Vincent*, 8th Dist. Cuyahoga No. 38942, 1979 Ohio App. LEXIS 9658, 9 (May 17, 1979) (no reversible error occurred because appellant failed to demonstrate prejudice from the trial court's failure to specifically ask him how he pleaded); *State v. Alridge*, 6th Dist. Sandusky No. S-15-001, 2015-Ohio-4064, ¶ 15 (considering the totality of the change-of-plea hearing, the failure to expressly ask the defendant "how do you plea" was not reversible error). Further, Cobbledick did not object at sentencing to the trial court's statement that Cobbledick

had previously pleaded guilty to Count 2 at the change-of-plea hearing. If that had been an issue with respect to that count, the sentencing hearing would have been the time to clarify the record. The first assignment of error is overruled.

{¶ 15} In the second assignment of error, Cobbledick claims that the consecutive sentence findings are not supported by the record because he is a first-time offender at the age of 56 and concurrent service of the sentences would have sufficed.

{¶ 16} Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. A reviewing court may overturn the imposition of consecutive sentences only if it clearly and convincingly finds that either (1) "the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law." R.C. 2953.08. Before a trial court may impose consecutive sentences, the court must make specific findings mandated by R.C. 2929.14(C)(4) and then incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not required to give a rote recitation of the statutory language. *Id.* "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. Appellate review of the underlying findings is narrower. In order to reverse the imposition of consecutive sentences, the defendant must clearly and convincingly demonstrate

that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).

{¶ 17}  In this case, Cobbledick is challenging whether consecutive service is necessary to protect the public from future crime or to punish the offender under R.C. 2929.14(C)(4).  He claims that he does not pose a future danger to the public — he only *posed* a danger to his victims who are no longer in contact with him. Notwithstanding the nonsensical nature of such a self-serving argument, that particular finding under R.C. 2929.14(C)(4) is stated in the disjunctive.  Consecutive sentences are permitted if the trial court finds that such sentences are necessary to protect the public from future crime *or* to punish the offender.  On the latter finding, Cobbledick's sole claim is that "consecutive sentences were not necessary to punish [him], as the trial court had up to five years in prison at its disposal, which would have put Mr. Cobbledick in this [sic] 60's at the time of release."

{¶ 18}  Cobbledick is essentially asking this court to review the imposition of consecutive sentences de novo, without deference to the findings made by the trial court or the record that supports those findings.  This form of review is beyond the scope provided under R.C. 2953.08(G)(2).  *See, e.g., State v. Rapier*, 8th Dist. Cuyahoga No. 108583, 2020-Ohio-1611, ¶ 11 (rejecting appellant's claim that a lesser sentence would have sufficed to punish the offender); *State v. Lavender*, 2019-Ohio-5352, 141 N.E.3d 1000, ¶ 131 (1st Dist.).  Appellate courts can reverse consecutive sentences upon finding that the record does not clearly and convincingly support the findings.  R.C. 2953.08(G)(2); *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002,

59 N.E.3d 1231. The sole argument presented for our review does not give rise to the possibility of a reversal under the appropriate standard and is, therefore, overruled.

{¶ 19} We affirm the convictions.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
RAYMOND C. HEADEN, J., CONCUR