[Cite as *State v. Hayes*, 2016-Ohio-2794.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2014-P-0044** |
| - vs - | : | |
| DUSTIN T. HAYES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 00019.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Rick L. Ferrara,* 2077 East 4th Street, 2nd Floor, Cleveland, OH 44113 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Dustin T. Hayes appeals from the judgment entry of the Portage County Court of Common Pleas, sentencing him to an indefinite term of imprisonment of ten years to life for rape. Mr. Hayes asserts the trial court did not properly inform him of his constitutional right to remain silent during the Crim.R. 11 colloquy. Finding no error, we affirm.

{¶2}    January 11, 2013, the Portage County Grand Jury returned an indictment in seven counts against Mr. Hayes.  Each was for violation of R.C. 2907.02(A)(1)(b) and (B), alleging Mr. Hayes had engaged in a course of sexual conduct with a 12 year old girl between October 1, 2012, and December 31, 2012.  At his arraignment January 18, 2013, Mr. Hayes pleaded not guilty to all counts.  Motion practice ensued.  However, Mr. Hayes entered plea negotiations with the state.  June 12, 2013, he entered a written plea of guilty to one charge of rape.  A change of plea hearing took place that day.  The trial court accepted the plea and nolled the remaining counts on motion of the state.  Sentencing hearing went forward September 9, 2013, with the trial court filing its judgment entry of sentence September 13, 2013.

{¶3}    July 21, 2014, Mr. Hayes moved this court for leave to file a delayed appeal, App.R. 5(A).  By a judgment entry filed November 10, 2014, we denied the motion, since Mr. Hayes failed to file a notice of appeal in the trial court as required by rule.  Mr. Hayes thereafter corrected this deficiency; and by a judgment entry filed May 11, 2015, we granted the motion for delayed appeal.

{¶4}    Mr. Hayes assigns a single error: "The trial court erred in failing to inform appellant of the consequences of his plea pursuant to the Constitution of the United States and the State of Ohio, as well as Crim.R. 11."

{¶5}    "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review.  *State v. Stewart*, (1977), 51 Ohio St.2d 86, * * *.  It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C).  *Id.* at 92-93.  Compliance with Crim.R. 11(C) requires the trial court to engage

2

the defendant on the record in a reasonably intelligible dialogue. *State v. Ballard* (1981), 66 Ohio St.2d 473, * * *." (Parallel citations omitted.) *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶26.

**{¶6}** "The United States and Ohio Constitutions require that a trial court, prior to accepting a plea of guilty or no contest, determine that the plea is entered into knowingly, intelligently, and voluntarily. *State v. Johnson*, 40 Ohio St.3d 130, 132, * * * (1988), citing *Boykin v. Alabama*, 395 U.S. 238, * * * (1969*).* From a constitutional standpoint, this requires a court to inform a defendant of five rights: his privilege against compulsory self-incrimination, the right to trial by jury, the right to confront one's accusers, his right to have guilt proven by the state beyond a reasonable doubt, and the right to compulsory process to obtain witnesses – and then determine if the defendant understands these rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, * * *, ¶19; Crim.R. 11(C)(2)(c). In Ohio, Crim.R. 11(C)(2)(c) codifies the court's obligation to inform the defendant of the constitutional protections, while Crim.R. 11(C)(2)(a) and (b) create a further obligation on courts to inform the defendant of other important information, the understanding of which the state of Ohio deems necessary to a knowing and voluntary plea. *See Veney* at ¶14, 18.

**{¶7}** "Crim.R. 11(C)(2) requires that the court conduct an oral dialogue with the defendant to determine whether the plea is voluntary, and that the defendant understands, among other things, that if he did choose to go to trial, he would not be compelled to testify against himself. *See* Crim.R. 11(C)(2)(c). While a court must substantially comply with the dictates of Crim.R. 11 when advising a defendant of his nonconstitutional rights contained in subsections (C)(2)(a) and (b) – advisement of the

3

constitutional protections contained in (C)(2)(c) requires strict compliance with the statute. *See Veney* at ¶18. The test for strict compliance is whether 'the record shows that the judge explained these rights in a manner reasonably intelligible to the defendant.' *State v. Ballard*, 66 Ohio St. 2d 473, 480, * * * (1981). Strict compliance contemplates both the trial court's advisement and the defendant's response to the advisement. *See id.* at 480-481 (conveying that it is the court's statements and the defendant's answers that lead to the conclusion that the defendant either was, or was not, adequately informed of his rights); *accord State v. Truitt*, 10th Dist. Franklin No. 10AP-795, 2011-Ohio-2271, ¶14." (Parallel citations omitted.) *State v. Gaines*, 8th Dist. Cuyahoga No.102024, 2015-Ohio-2397, ¶5-6.

{¶8} In support of his assignment of error, Mr. Hayes directs our attention to the following exchange during the plea hearing:

{¶9} The Court: "And, sir, do you understand you're not required to testify against yourself?"

{¶10} Mr. Hayes: "Yes."

{¶11} The Court: "Are you waiving that right?"

{¶12} Mr. Hayes: "Yes."

{¶13} Mr. Hayes contends this was constitutionally infirm, since the advisement did not tell him he had the right to remain silent throughout trial, and that this could not be used against him. He cites to two cases in support. The first is *Gaines, supra*. In that case, the trial court informed the defendant he had the "constitutional right 'to remain silent and not to testify and (that) no one could comment on the fact that (he) did not testify at trial[.]'" *Id.* at ¶7. The defendant asked whether this meant he need not

4

testify. *Id.* In response to this question the trial court stated:

{¶14} "If we had proceeded to trial, the State of Ohio would have the burden of proof. That means that the jury would be impaneled, and the State of Ohio would have the burden of presenting to the jury information and testimony beyond a reasonable doubt that you committed these offenses, but you would not have any burden at all. Do you understand?" *Id.*

{¶15} The Eighth District concluded this response did not comply with Crim.R. 11(C)(2)(c), since it had nothing to do with the question asked by the defendant – namely his right to remain silent at trial.

{¶16} *Gaines* is obviously distinguishable from this case. In *Gaines*, the defendant specifically asked about his right to remain silent at trial, and got no response from the trial court. In this case, Mr. Hayes did not indicate he did not understand his right to remain silent. Earlier in the colloquy, Mr. Hayes told the trial court he did not understand what waiver of his right to trial meant, and the court explained it to him until he did understand.

{¶17} Mr. Hayes also cites to the decision of the Tenth District in *Truitt, supra*. In that case, the trial court simply advised the defendant he had the "right to remain silent." *Id.* at ¶12. On appeal, defendant contended this was insufficient, since the advisement did not include the fact the state could not compel him to testify. *Id.* at ¶15. The Tenth District disagreed, observing:

{¶18} "Here, * * * the trial court advised appellant of his 'right to remain silent.' (Tr. 4.) The plain meaning of the trial court's words suggest that appellant had the right to say absolutely nothing at trial, if he so desired. Intuitively, if a person remains silent

5

at trial, they opt to engage the privilege against self-incrimination and do not testify against themselves. In addition, as previously stated, the trial court inquired whether appellant had any questions regarding the colloquy, and appellant answered 'no, sir.' (Tr. 4.) Therefore, pursuant to *Ballard*, we find that the trial court explained waiver of the privilege against self-incrimination in a reasonably intelligible manner and in strict compliance with Crim.R. 11(C)(2)(c*).*" *Id.* at ¶21.

{¶19} Similarly, in this case, the trial court informed Mr. Hayes he could not be required to testify against himself. This clearly imports that he had an absolute right to remain silent. It was a sufficient advisement to comply with *Ballard*.

{¶20} The assignment of error lacks merit. The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.