[Cite as *State v. Murray*, 2023-Ohio-3762.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

TARRA M. MURRAY,

        Defendant-Appellant.

CASE NO. 2023-P-0016

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00987

**O P I N I O N**

Decided: October 16, 2023
Judgment: Affirmed in part and reversed in part; remanded

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan* and *Kimberlyn Seccuro*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Tarra M. Murray ("Ms. Murray"), appeals from the judgment entry of the Portage County Court of Common Pleas that sentenced her to a 24-month term of imprisonment and imposed a mandatory $5,000 fine after accepting her guilty plea to one count of aggravated possession of drugs.

{¶2} Ms. Murray raises three assignments of error, contending (1) she received ineffective assistance of counsel because her counsel failed to file an affidavit of indigency prior to sentencing and the trial court imposed a $5,000 fine; (2) the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) by failing to advise her that her right not

to testify at trial could not be used against her; and (3) due to this failure, her guilty plea could not have been made in a knowing, intelligent, and voluntary manner and must be vacated.

{¶3}    .After a thorough review of the record and pertinent law, we find Ms. Murray's first assignment of error to be with merit.  If her counsel had filed an affidavit of indigency, there is a reasonable probability the trial court would not have imposed a fine. The presentence investigation ("PSI") reveals evidence of indigency, i.e., Ms. Murray is on government assistance, she has a limited educational background, and she has an extensive criminal history.  The trial court's imposition of the $5,000 mandatory fine is reversed, and this matter is remanded to allow Ms. Murray to file an affidavit of indigency and for the trial court to hold a hearing to determine her indigency status in accordance with R.C. 2929.18(B)(1) and 2929.19(B)(5).

{¶4}    We find Ms. Murray's remaining assignments of error to be without merit because there is no requirement pursuant to Crim.R. 11(C)(2)(c) that the trial court advise a defendant that the right to remain silent "cannot be used against" her.  The Supreme Court of Ohio has held a trial court is not required to use the exact language of Crim.R. 11(C)(2)(c), and the trial court's failure to do so is not fatal to a defendant knowingly and voluntarily entering a guilty plea.  Rather, the proper inquiry is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to the defendant.  In this case, the record reveals the court explained to Ms. Murray she had a constitutional right to not testify, i.e., she could not be compelled to testify against herself.  She affirmatively stated she understood the rights she was waiving, and she

2

expressed no confusion during the Crim.R. 11 colloquy. Thus, Ms. Murray failed to demonstrate the trial court did not comply with Crim.R. 11.

{¶5} The judgment of the Portage County Court of Common Pleas is affirmed in part and reversed in part as to the imposition of the $5,000 mandatory fine. This matter is remanded to allow Ms. Murray to file an affidavit of indigency and for the trial court to hold a hearing to determine her indigency status in accordance with R.C. 2929.18(B)(1) and 2929.19(B)(5).

### Substantive and Procedural History

{¶6} In February 2023, Ms. Murray pleaded guilty to one count of aggravated possession of drugs, methamphetamine, a third-degree felony, in violation of R.C. 2925.11.

{¶7} At the plea hearing, the trial court engaged Ms. Murray in a Crim.R. 11(C)(2) colloquy, which included, as relevant to this appeal, informing her: "You could take the stand at your trial if you chose to do so. You have a constitutional right not to testify, but if you wanted to you could. That, along with those rights to trial, you're giving up by entering this plea of guilty; do you understand?"

{¶8} After accepting her guilty plea, the trial court reviewed that Ms. Murray violated several conditions of her bond by testing positive for drugs and failing to report for screening. The trial court ordered another drug screen and set the matter for a PSI.

{¶9} The PSI revealed Ms. Murray has an extensive criminal history of largely theft and drug abuse offenses, she is unemployed, she receives government assistance, and she has a limited educational background.

Case No. 2023-P-0016

{¶10} Approximately one month later, the trial court held a sentencing hearing. After hearing from the state, defense counsel, and Ms. Murray, the trial court sentenced Ms. Murray to a 24-month term of imprisonment. The trial court also imposed a $5,000 fine and court costs, informing Ms. Murray: "There is a $5,000.00 mandatory fine, but your court costs you can deal with when you are incarcerated. The fine is something that you'll have to deal with when you get out."

{¶11} Ms. Murray raises three assignments of error for our review:

{¶12} "[1.] Tarra received ineffective assistance of counsel.

{¶13} "[2.] The trial court failed to strictly comply with Crim.R. 11.

{¶14} "[3.] Tarra's plea was not knowingly, intelligently, or voluntarily entered into."

## Ineffective Assistance of Counsel

{¶15} In her first assignment of error, Ms. Murray contends her trial counsel was ineffective for failing to submit an affidavit of indigency with the clerk's office prior to sentencing.

{¶16} To establish a claim of ineffective assistance of counsel, an appellant must demonstrate (1) her counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the proceedings would have been different. *State v. Laudermilk*, 11th Dist. Portage No. 2021-P-0054, 2022-Ohio-659, ¶ 58; *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶17} The failure to file an affidavit attesting to a defendant's indigency establishes ineffective assistance of counsel when the record shows a reasonable probability that the

4

trial court would have found the defendant indigent. *State v. McDowell*, 11th Dist. Portage No. 2001-P-0149, 2003-Ohio-5352, ¶ 75. *See also State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 66.

{¶18} We review the imposition of costs and financial sanctions under R.C. 2953.08(A)(4) and (G)(2)(b). *State v. Fulton*, 11th Dist. Portage No. 2018-P-0048, 2019-Ohio-2509, ¶ 39. An appellate court may not modify a financial sanction imposed unless it finds by clear and convincing evidence that the sanction is not supported by the record or is contrary to law. *Id. See also State v. Holland*, 4th Dist. Jackson No. 17CA8, 2018-Ohio-4975, ¶ 5-6.

{¶19} Pursuant to R.C. 2929.18(B)(1), "For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

{¶20} Thus, under Ohio law, a trial court must impose a mandatory fine unless (1) the offender files an affidavit of indigency prior to sentencing, and (2) "the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines." *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). In making its indigency

determination, the court must consider both the offender's present and future ability to pay the fine. R.C. 2929.19(B)(5).

{¶21} Ms. Murray pleaded guilty to one count of aggravated possession of drugs, a third-degree felony, in violation of R.C. 2925.11. For a third-degree felony, the trial court must impose a fine of at least $5,000 but not more than $10,000. R.C. 2929.18(A)(3)(c).

{¶22} In this case, the trial court made no findings of indigency and Ms. Murray's ability to pay. We do, however, have the benefit of the PSI, which indicates she is on government assistance (for food stamps, housing, and medical insurance), and she is unemployed. Further, her education is limited to a high school diploma, she has two young children, she suffers from mental health issues and drug addiction, and she has an extensive criminal history.

{¶23} Based upon this, it is reasonable to conclude Ms. Murray could have proven herself indigent had her counsel filed an affidavit of indigency prior to sentencing. Further, her counsel was obviously aware of her indigency. He was her appointed counsel and informed the court at the sentencing hearing that he reviewed Ms. Murray's PSI with her. Thus, we find Ms. Murray was denied effective assistance of counsel.

{¶24} In a similar case, *McDowell, supra*, we found counsel was ineffective because there was a reasonable probability the trial court would have made a finding of indigency had counsel submitted an affidavit of indigency. *Id.* at ¶ 77. The appellant's PSI provided evidence of the appellant's employment history, which revealed he was making no more than $9 per hour, and he had a limited educational background. *Id.* at ¶ 76. We reversed as to the imposition of the mandatory fine and remanded to allow the

6

appellant to file an affidavit of indigency and for the trial court to hold a hearing to determine his indigency status in accordance with R.C. 2929.18(B)(1). *Id.* at ¶ 78.

{¶25} Likewise, in *State v. Warren*, 5th Dist. Fairfield No. 18-CA-42, 2019-Ohio-2927, the Fifth District determined that a reasonable probability existed that the trial court would have found the appellant indigent had his trial counsel filed an affidavit of indigency prior to sentencing. *Id.* at ¶ 101. The appellant's affidavit for appointed counsel indicated he was unemployed, homeless, and had no income, and his PSI indicated he had an extensive criminal history. *Id.* at ¶ 100. *See also Hodge*, *supra*, at ¶ 71 (A reasonable probability existed that the trial court would have found the appellant indigent and unable to pay the mandatory fine for his felony drug offense had defense counsel filed an affidavit of indigency prior to sentencing).

{¶26} Ms. Murray's first assignment is with merit. This matter is reversed as to the imposition of the $5,000 mandatory fine and remanded to allow Ms. Murray to file an affidavit of indigency and for the trial court to hold a hearing to determine her indigency status in accordance with R.C. 2929.18(B)(1) and 2929.19(B)(5).

### Crim.R. 11(C)(2)(c) – The "Right Not to Testify"

{¶27} Ms. Murray's second and third assignments of error concern whether the trial court sufficiently advised her that she cannot be compelled to testify against herself; thus, we will address them together. More specifically, in her second assignment of error, Ms. Murray contends the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) because it did not inform her that the right to "not testify at trial" could not be used against her; thus, her plea must be vacated. Similarly, in her third assignment of error, she

7

contends this failure invalidated her guilty plea since it could not have been made in a knowing, intelligent, and voluntary manner.

{¶28} We review de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, ¶ 51 (11th Dist.).

{¶29} Crim.R. 11 was adopted to ensure that certain information necessary for entering a knowing, intelligent, and voluntary plea would be conveyed to a defendant. *State v. Caudell*, 11th Dist. Ashtabula No. 2019-A-0062, 2020-Ohio-1557, ¶ 19.

{¶30} In relevant part, Crim.R. 11(C)(2) provides:

{¶31} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * and doing all of the following:

{¶32} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶33} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶34} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a

8

reasonable doubt at a trial *at which the defendant cannot be compelled to testify against himself or herself.*"  (Emphasis added.)

**{¶35}** In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Supreme Court of Ohio explained that when a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is he must establish that an error occurred in the trial-court proceedings and he was prejudiced by that error.  *Id.* at ¶ 13.

**{¶36}** There are limited exceptions to the prejudice component.  When a trial court fails to explain the constitutional rights a defendant waives by pleading guilty or no contest, we presume the plea was entered involuntarily and unknowingly, and no showing of prejudice is required.  *Id.* at ¶ 14.  Similarly, a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice.  *Id.* at ¶ 15; *See, e.g.*, *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 (trial court completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when it made no mention of defendant's mandatory five years of postrelease control in the plea colloquy).

**{¶37}** On appellate review, the questions to be answered are "(1) has the trial court complied with the relevant provision of the rule?  (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?"  *Id.* at ¶ 17.

**{¶38}** In *Caudell,* a comparable case, we explained "[t]he Supreme Court of Ohio has held that the preferred method of informing a criminal defendant of his or her constitutional rights during the plea colloquy is to use the language contained in Crim.R.

9

11(C)(2)(c). [*Veney* at ¶ 18.] However, the failure to comply literally with the provisions of subsection (c) does not automatically invalidate a guilty plea. *State v. Ballard*, 66 Ohio St.2d 473, 479[, 423 N.E.2d 115] (1981). Failure to use the exact language contained in Crim.R. 11(C)(2)(c) in informing a criminal defendant of his constitutional rights is not grounds for vacating a plea as long as the record shows that the trial court explained these rights 'in a manner reasonably intelligible to that defendant.' *Id.* at paragraph two of the syllabus. A trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant. *Veney* at ¶27." *Id.* at ¶ 26.

{¶39} Ms. Murray contends the trial court erred by failing to inform her that her "right to remain silent could not be used against her." Our review of the plea hearing transcript reveals the trial court informed Ms. Murray, "You have a constitutional right not to testify, but if you wanted to you could." Ms. Murray confirmed she understood the rights she was waiving by making a guilty plea.

{¶40} We rejected the same argument in *State v. Hayes*, 11th Dist. Portage No. 2014-P-0044, 2016-Ohio-2794, in which the trial court asked the appellant if he understood he was not required to testify against himself. *Id.* at ¶ 9. The appellant contended the trial court failed to inform him he had the right to remain silent and his silence could not be used against him. *Id.* at ¶ 13. In sum, we determined the trial court strictly complied with Crim.R. 11(C)(2)(c) because the trial court's advisement that the appellant could not be required to testify clearly imported that he had the absolute right

10

Case No. 2023-P-0016

to remain silent. *Id.* at ¶ 19. Further, the appellant did not indicate he did not understand the right he was waiving and affirmatively waived them. *Id.* at ¶ 12, 16.

{¶41} Likewise in *State v. Phillips*, 8th Dist. Cuyahoga No. 108423, 2020-Ohio-800, the Eighth District rejected the appellant's contention that the trial court's advisement was inadequate because it did not advise him the state would not be permitted to comment on his silence if he chose not to testify. *Id.* at ¶ 7. The court reviewed its past holdings, noting that "'when a defendant is instructed that he has the right not to testify at trial, it follows that he has a right to remain silent at trial and cannot be compelled to testify against himself.'" *Id.* at ¶ 8, quoting *State v. McElroy*, 8th Dist. Cuyahoga No. 104639, 2017-Ohio-1049, ¶ 27-28. *See also State v. Jones*, 8th Dist. Cuyahoga No. 104189, 2016-Ohio-5712, ¶ 10-12; *State v. Eckles*, 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829, ¶ 39 (7th Dist.) (Crim.R. 11 "contains no requirement that one must be advised that the decision not to testify cannot be used against him or commented on").

{¶42} As we explained in *Caudell*, "[t]he text of Crim.R. 11(C)(2)(c) does not contain the phrase 'right to remain silent' [or that it may not be used against the defendant]. Rather, the trial court must notify the defendant that he or she 'cannot be compelled to testify against himself or herself * * * at a trial.' The privilege against compulsory testimony is guaranteed by the Fifth Amendment to the U.S. Constitution, which states that '[n]o person * * * shall be compelled in any criminal case to be a witness against himself,' as well as Article I, Section 10 of the Ohio Constitution, which states that '[n]o person shall be compelled, in any criminal case, to be a witness against himself * * *.'" *Id.* at ¶ 34.

11

Case No. 2023-P-0016

{¶43} In this case, the record reveals the court explained to Ms. Murray she had a constitutional right not to testify, i.e., she could not be compelled to testify against herself. She affirmatively stated she understood the rights she was waiving, and she expressed no confusion during the Crim.R. 11 colloquy.

{¶44} Thus, the trial court did not fail to advise Ms. Murray she could not be compelled to testify against herself, and her plea was knowingly, intelligently, and voluntarily made. In sum, Ms. Murray failed to demonstrate the trial court did not comply with Crim.R. 11.

{¶45} Ms. Murray's second and third assignments of error are without merit.

{¶46} The judgment of the Portage County Court of Common Pleas is affirmed in part and reversed in part as to the imposition of the $5,000 mandatory fine. This matter is remanded to allow Ms. Murray to file an affidavit of indigency and for the trial court to hold a hearing to determine her indigency status in accordance with R.C. 2929.18(B)(1) and 2929.19(B)(5).

EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.