[Cite as *State v. Facemire*, 2025-Ohio-1500.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

|  |  |
|---|---|
| STATE OF OHIO, | CASE NOS. 2024-P-0068 |
|  | 2024-P-0069 |
| Plaintiff-Appellee, |  |
|  |  |
| - vs - | Criminal Appeals from the |
|  | Court of Common Pleas |
| SEBASTIAN T. FACEMIRE, |  |
|  |  |
| Defendant-Appellant. | Trial Court Nos. 2024 CR 00275 |
|  | 2023 CR 01369 |

## OPINION AND JUDGMENT ENTRY

Decided: April 28, 2025
Judgment: Affirmed in part, reversed in part, and remanded

*Connie J. Lewandowski*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Adam M. VanHo*, 37 South Main Street, Suite 3, P.O. Box 157, Munroe Falls, OH 44262 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Sebastian Facemire, appeals the denial of his motion to vacate his guilty plea, his conviction and sentence for Violating a Protection Order, and the imposition of sentence following a probation violation for Strangulation in the Portage County Court of Common Pleas. Since the advisement by the trial court regarding post-release control was improper, this matter must be remanded for a limited hearing advising Facemire of the proper post-release control period. For the following reasons, we affirm the judgment of the lower court in part, reverse in part, and remand for further proceedings consistent with this opinion.

{¶2} In Case No. 2024 CR 00275, Facemire was indicted on April 4, 2024, by the Portage County Grand Jury for Aggravated Burglary, a felony of the first degree, in violation of R.C. 2911.11; and Violating a Protection Order or Consent Agreement, a felony of the third degree, in violation of R.C. 2919.27.

{¶3} On June 12, 2024, a change of plea hearing was held and a written plea of guilty was signed. At the hearing, the State indicated that Facemire would enter a guilty plea to Violating a Protection Order and it would move to dismiss the other charge. Facemire's counsel indicated he had reviewed the matter with his client. The court advised Facemire of the offense to which he would plead and the range of prison terms for the offense. It informed him of rights he would waive by pleading guilty and indicated the following regarding his trial rights: "you could take the stand at your trial if you chose to do so. You have a constitutional right not to testify, but if you wanted to, you could." Facemire indicated he understood these rights. He entered a plea of guilty to Violating a Protection Order. The court accepted the plea, found Facemire guilty, and referred the matter to the probation department to conduct a presentence investigation.

{¶4} On June 21, 2024, Facemire filed a Motion to Vacate Plea, requesting to withdraw his guilty plea. A hearing was held on the motion on September 11, 2024. The court inquired on the basis for withdrawal, and Facemire stated: "The reason that I wanted to withdraw the plea was because I . . . believed that it was a Felony of the Third Degree due to previous convictions; however, on my release, when I read the ORC code it said that it was supposed to be a Felony of the Fifth Degree with a previous conviction." The court responded: "Well, that's not accurate. It's a Felony of the Third Degree. They kept it, I'm assuming, at a Felony Three because they dismissed the Felony One that you could

have looked at anywhere from 3 to 11 years in prison, as a minimum, up to 16-and-a-half years. So the negotiation was that you would plead to the F3, and they would dismiss the F1 to limit your exposure only to 36 months versus up to 16-and-a-half years." In the court's Judgment Entry denying the motion, it found Facemire was represented by highly qualified counsel, indicated he understood the potential penalties and constitutional rights at his plea hearing, he knowingly and intelligently pled guilty, and he failed to provide a reasonable basis for withdrawal of his plea.

{¶5} A sentencing hearing was held on September 23, 2024. The prosecutor indicated that it appeared from the PSI that Facemire still believed the offense should be a felony of the fifth degree. Facemire's counsel stated: "I know the court explained to him . . . why that was an inaccurate assessment of the law . . . I think he understands now what happened. And if I remember correctly, in the presentence investigation he did take responsibility for his part. His confusion is simply with the level of the charge, which we have gone over ad nauseam at this point. I believe he understands. Would that be accurate, Mr. Facemire?" Facemire responded in the affirmative. Defense counsel requested that he be given community control.

{¶6} The court sentenced Facemire to a term of 18 months in prison. During the hearing, it advised him: "[u]pon your release from prison, the Adult Parole Authority will supervise you for two years. During that time, if you violate their rules, they can send you back to prison for up to half your original sentence, and if you commit a new felony, that time can be run consecutively with whatever you have left on your post release control time up to one year." The sentencing entry stated that the court notified Facemire he "will be supervised under **(mandatory)** post-release control R.C. 2967.28 for two years and

Case Nos. 2024-P-0068, 2024-P-0069

that if the Defendant violates the terms of the post-release control, the Defendant could receive an additional prison term not to exceed 50 percent of his original prison term."

{¶7} In Case No. 2023 CR 01369, Facemire entered a plea of guilty to Strangulation, a felony of the fifth degree, in violation of R.C. 2903.18 on February 15, 2024. He was ordered to serve a term of community control and subsequently ordered to complete NEOCAP following a motion to revoke sanctions. The Adult Probation Department filed a second motion to revoke for his failure to enter and complete NEOCAP. On October 16, 2024, the court issued a Judgment Entry finding he violated the terms of community control and sentencing him to a six-month prison term.

{¶8} Facemire appeals in both cases and raises the following assignments of error:

{¶9} "[1.] The trial court erred when it denied appellant's motion to withdraw his plea, in violation of Rule 32.1 of the Ohio Rules of Criminal Procedure; the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and Article One, Sections Five and Ten of the Ohio Constitution."

{¶10} "[2.] Appellant's plea is void as the trial court failed to properly advise appellant of his right to remain silent at trial, in violation of Criminal Rule 11(C)(2)(c) and the Fifth Amendment to the United States Constitution."

{¶11} "[3.] The trial court erred when it imposed a mandatory term of post-release control, in violation of Section 2967.28 of the Ohio Revised Code."

{¶12} We initially observe that while this is a consolidated appeal from two separate lower court cases, no errors are assigned in relation to Case No. 2023 CR 01369. As such, that appeal lacks merit.

{¶13}  In his first assignment of error, Facemire argues that the trial court should have granted his motion to withdraw his plea of guilty to Violating a Protection Order because he did not understand why the offense was a third-degree felony rather than a fifth-degree felony.

{¶14}  The Ohio Supreme Court has held that "'[a] presentence motion to withdraw a guilty plea should be freely and liberally granted.'"  *State v. Barnes*, 2022-Ohio-4486, ¶ 13, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).  "A defendant does not, however, have an 'absolute right' to withdraw his or her plea, even when a motion to withdraw is made before sentencing."  *Barnes* at ¶ 13, citing *Xie* at paragraph one of the syllabus.  "Before ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea."  *Id.*

{¶15}  "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."  *Xie* at paragraph two of the syllabus; *Barnes* at ¶ 13 ("[a]bsent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed").  An abuse of discretion is the court's "'failure to exercise sound, reasonable, and legal decision-making.'"  *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).  "[U]nless it is shown that the trial court acted unjustly or unfairly" in denying the motion to withdraw, "there is no abuse of discretion."  (Citations omitted.)  *Xie* at 526.

{¶16}  "In reviewing the trial court's ruling on a presentence motion to withdraw a guilty plea, this court has 'demonstrated a preference for the *Perterseim* factors when these are the factors adopted by the trial court.'"  *State v. Lockwood*, 2024-Ohio-5370, ¶

14 (11th Dist.), citing *State v. Campbell*, 2023-Ohio-1626, ¶ 12; *State v. Jackson*, 2024-Ohio-2599, ¶ 29 (11th Dist.) (this court "has routinely applied the *Peterseim* factors . . . to determine whether or not a court abuses its discretion in denying a presentence motion to withdraw a guilty plea").  Applying the factors in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist. 1980), this court has held that a "trial court does not abuse its discretion when denying a presentence motion to withdraw a guilty plea: '(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.'"  (Citations omitted.)  *Campbell* at ¶ 12.

{¶17}  This court has observed, however, that *Peterseim* "does not provide the exclusive test whereby appellate courts evaluate presentence motions to withdraw guilty pleas" and "[s]ome appellate courts in this state have applied a nine-factor test described in *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist. 2001)."  (Citation omitted.)  *Lockwood* at ¶ 15.  These factors include "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge."  *Griffin* at 554.  Similar factors have also been applied in *State v. Grabe*, 2020-Ohio-4435 (7th Dist.), cited

Case Nos. 2024-P-0068, 2024-P-0069

by the trial court. *Id.* at ¶ 15. Since the trial court considered both the *Perseim* factors and the factors in *Griffin/Grabe*, we will do the same.

{¶18} In the present matter, many of the foregoing factors were satisfied in favor of denial. It appears Facemire was represented by highly competent counsel. A properly licensed attorney has been presumed to be competent. *State v. Prinkey*, 2011-Ohio-2583, ¶ 30 (11th Dist.). Defense counsel indicated that he reviewed the matter with Facemire, Facemire confirmed this, and Facemire stated he was satisfied with counsel.

{¶19} Facemire was provided a full Crim.R. 11 hearing. The trial court conducted a thorough colloquy when accepting the plea, determining that Facemire understood each right that he waived. The trial court explained the offense and the maximum sentence he could receive. Facemire indicated that he understood the charge to which he was pleading and the potential sentence. Such circumstances indicate that the plea hearing was compliant with the requirements of Crim.R. 11. *See State v. Parham*, 2012-Ohio-2833, ¶ 21 (finding the second *Perseim* factor to be met in similar circumstances).

{¶20} A hearing was held at which Facemire was permitted to present the reason he sought to withdraw his plea. He did not assert a defense to the crime or proclaim his innocence. Additionally, the record indicates that the trial court, after hearing Facemire's justification for seeking withdrawal of his plea, gave it full and fair consideration and discussed on the record its reasons for denying the motion as well as repeating these justifications in its sentencing entry.

{¶21} Further, we do not find merit in Facemire's reason for seeking to withdraw his plea. Facemire's argument regarding the basis for withdrawal of his plea relates to the level of felony to which he pled and was convicted. R.C. 2919.27(B)(3) provides

Case Nos. 2024-P-0068, 2024-P-0069

Violating a Protection Order is a fifth-degree felony if the offender has previously been convicted of Violating a Protection Order. Pursuant to R.C. 2919.27(B)(4): "If the offender violates a protection order or consent agreement while committing a felony offense, violating a protection order is a felony of the third degree." Here, it is apparent that the Violating a Protection Order charge was a third-degree felony under section (B)(4), since it was charged with the felony offense of Aggravated Burglary. The facts of the offenses as stated in the presentence investigation report indicate that the two offenses occurred during the same event of entering a protected person's home by using force.

{¶22} Facemire argues that he should have been permitted to withdraw his plea because his "decision to plea[d]" was based on an understanding that "the facts for which he pled guilty to constituted a fifth degree felony." This is not entirely accurate based on the record. His argument at the hearing to withdraw his plea was: "on my release, when I read the ORC code it said that it was supposed to be a Felony of the Fifth Degree with a previous conviction." He did not argue that he had believed he was pleading guilty to a fifth-degree felony rather than a third-degree felony but, instead, that he at some point realized (wrongly), that the offense to which he pled *should have been* a fifth-degree felony. The fact that he knowingly pled guilty to a third-degree felony is buttressed by the trial court's advisements at the plea hearing: "you're gonna plead guilty to count two, violating a protection order, a felony of the third degree"; "[a] felony three carries with it up to thirty-six months in prison"; "[d]id your attorney go over the written plea of guilty with you indicating a plea to count two, violating a protection order, a felony of the third degree?" At the time of his plea, Facemire indicated he understood the level of the offense and the potential penalties faced for the level of the offense. Moreover, since he

was charged with Aggravated Burglary committed on the same day as Violating a Protection Order, this provides a basis for the third-degree felony conviction. His subsequent belief that he should have been charged with or convicted of a fifth-degree felony is inaccurate.

{¶23} Facemire argues that his plea was not entered knowingly because of this misunderstanding. As noted above, at the time he entered the plea, he was clearly advised, and appears to have believed, that he was being convicted of a third-degree felony. "Generally, a guilty plea is deemed to have been entered knowingly and voluntarily if the record demonstrates that the trial court advised a defendant of (1) the nature of the charge and the maximum penalty involved, (2) the effect of entering a plea to the charge, and (3) that the defendant will be waiving certain constitutional rights by entering his plea." *State v. Madeline*, 2002 WL 445036, *4 (11th Dist. Mar. 22, 2002). Facemire was correctly advised of the nature and level of the charge and the maximum penalties, as well as the effect of entering a plea and the waiver of constitutional rights and indicated his understanding of these rights. His personal misunderstanding of the basis for the level of offense, apparently developed after his plea, does not render the plea involuntary. *See State v. Hill*, 2024-Ohio-2402, ¶ 32 (3d Dist.) (the defendant's *"personal misunderstanding"* of the law did not render his plea involuntary when he was advised of his rights and the record demonstrated that he understood the implications of his plea and the rights being waived).

{¶24} Further, the entry of the plea to Violating a Protection Order also provided a significant benefit, as it resulted in the State dismissing the first-degree felony offense of Aggravated Burglary, which carries a potential indefinite sentence of up to 11 to 15-

and-one-half years in prison. This court has considered the decision to enter a plea to avoid a more serious prison term as a relevant consideration in evaluating the voluntariness of a plea. *State v. Strong*, 2013-Ohio-5189, ¶ 19 (11th Dist.) ("there are many reasons a criminal defendant may choose to enter a guilty plea, including the certainty of a plea bargain and/or the expectation of a favorable sentence"). We decline to address Facemire's arguments about the negative points of plea bargaining. The relevant law was complied with by the trial court and Facemire entered his plea knowing the level of offense to which he pled.

{¶25} We recognize that Facemire's motion to withdraw his plea was filed in a timely manner and withdrawal of the plea would likely cause limited prejudice to the State. However, in weighing all of the factors, we do not find an abuse of discretion in the denial of the motion for the reasons outlined above.

{¶26} The first assignment of error is without merit.

{¶27} In his second assignment of error, Facemire argues that he was never advised that his silence could not be used against him at trial and no one could comment on his silence at trial. He argues that the failure to provide such an advisement prevented him from entering a knowing and intelligent guilty plea.

{¶28} As noted above, "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *State v. Clark*, 2008-Ohio-3748, ¶ 29. "This court reviews de novo whether

Case Nos. 2024-P-0068, 2024-P-0069

the trial court accepted a plea in compliance with Crim. R. 11." *State v Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.).

{¶29} "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas" to "'ensur[e] an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" (Citation omitted.) *State v. Dangler*, 2020-Ohio-2765, ¶ 11; *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). Relevant to the present appeal is Crim.R. 11(C)(2)(c), which provides that the court in a felony case shall not accept a plea of guilty: "without first addressing the defendant personally" and "[i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶30} "On appellate review the questions to be answered are '(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?'" *State v. Servantes*, 2023-Ohio-2116, ¶ 35 (11th Dist.), citing *Dangler* at ¶ 17.

{¶31} There is no question that the trial court advised Facemire he had "a constitutional right not to testify" and he indicated his understanding that the right would

be waived. Facemire contends that he should have been advised, however, that, if he did not testify, his silence could not be used against him. He recognizes this argument has been rejected by this court but requests a ruling contrary to that precedent.

{¶32} In *State v. Hayes*, 2016-Ohio-2794 (11th Dist.), the defendant argued that he was not properly advised of the consequences of his plea where, although he was informed that "you're not required to testify against yourself," he was not told his right to remain silent "could not be used against him." *Id.* at ¶ 9, 13. This court concluded that the trial court's advisement that he "could not be required to testify against himself . . . clearly imports that he had an absolute right to remain silent." *Id.* at ¶ 19. Similarly, in *State v. Murray*, 2023-Ohio-3762 (11th Dist.), the defendant argued her plea was not knowing and intelligent where the trial court had advised her "[y]ou have a constitutional right not to testify, but if you wanted to you could" but did not mention her silence could not be used against her. *Id.* at ¶ 39. This court concluded that language complied with Crim.R. 11(C)(2)(c), citing to *Hayes* for the proposition that "the trial court's advisement that the appellant could not be required to testify clearly imported that he had the absolute right to remain silent." *Id.* at ¶ 40. In the present matter, the court used language identical to that in *Murray*, which indicated to Facemire the right not to testify. He further indicated that he understood this right. We find no reason to depart from this court's precedent. The trial court did not fail to comply with the requirement of Crim.R. 11 to advise Facemire of the right not to testify and, thereby, we reject the argument that his plea was not knowingly, intelligently, or voluntarily entered on this ground.

{¶33} The second assignment of error is without merit.

{¶34} In his third assignment of error, Facemire argues that, in Case No. 2024 CR

00275, he was advised at the plea hearing that he could be given up to two years of post-release control but was then sentenced to a mandatory two-year term of post-release control. The State concedes that there was error by the trial court in this regard and the matter should be remanded.

{¶35} At the plea hearing, Facemire was advised that the "Adult Parole Authority could choose to supervise you for up to two years." At the sentencing hearing, the court stated "[u]pon your release from prison, the Adult Parole Authority will supervise you for two years." The sentencing entry stated that Facemire "will be supervised under **(mandatory)** post-release control R.C. 2967.28 for two years."

{¶36} Pursuant to R.C. 2967.28(C), "[a]ny sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (4) of this section shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from imprisonment, if the parole board . . . determines that a period of post-release control is necessary for that offender." The sentence in the present matter was for a third-degree felony that is not subject to division (B)(1) or (4), which relate to felony sex offenses and offenses of violence. Thus, he was to be subject to a term of *up to two years* if the APA decided post-release control was necessary. The imposition of post-release control was not mandatory.

{¶37} "[W]ith R.C. 2929.191, the General Assembly has . . . provided a statutory remedy to correct a failure to properly impose post release control." *State v. Singleton*, 2009-Ohio-6434, ¶ 23. When "an appellant does not receive statutorily compliant notification at the sentencing hearing, the remedy is to provide him with a R.C. 2929.191(C) hearing." *State v. Freetage*, 2021-Ohio-4050, ¶ 40 (11th Dist.). Pursuant

Case Nos. 2024-P-0068, 2024-P-0069

to R.C. 2191.191, "the sentencing is not void but is subject to a hearing with the limited purpose of providing the Appellant with notice of mandatory post-release control." *Id.* at ¶ 41. This is the proper remedy where the trial court overstates the applicable term of post-release control. *State v. Fleischer*, 2017-Ohio-7762, ¶ 29 (7th Dist.) (a limited remand was proper when the court "overstated the applicable term of post-release control"); *State v. Bricker*, 2022-Ohio-3494, ¶ 20 (6th Dist.).

{¶38} Since Facemire was not given statutorily compliant notification regarding post-release control at sentencing or in the sentencing entry, the proper remedy is to remand to the court of common pleas for a hearing to provide Facemire with accurate notice of post-release control pursuant to R.C. 2929.191(C).

{¶39} The third assignment of error is with merit.

{¶40} For the foregoing reasons, Facemire's convictions and sentences in the Portage County Court of Common Pleas are affirmed in part, reversed in part, and this matter is remanded for a limited hearing compliant with R.C. 2929.191. Costs to be taxed against the parties equally.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2024-P-0068, 2024-P-0069

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the judgments of the Portage County Court of Common Pleas are affirmed in part, reversed in part, and remanded for a limited hearing compliant with R.C. 2929.191.

Costs to be taxed against the parties equally.

 

| |
|---|
| JUDGE SCOTT LYNCH |

| |
|---|
| JUDGE MATT LYNCH, concurs |

| |
|---|
| JUDGE JOHN J. EKLUND, concurs |

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|---|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case Nos. 2024-P-0068, 2024-P-0069